UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELRETA DODDS,

Plaintiff,

v.

Case No. 25-cv-10603
Hon. Matthew F. Leitman

SECRETARY OF
DEPARTMENT OF HEATH
AND HUMAN SERVICES,

Defendant.

_______________________________________/

**ORDER (1) RESOLVING OBJECTIONS (ECF No. 24) TO REPORT AND RECOMMENDATION (ECF No. 23); (2) DENYING DEFENDANT'S MOTION TO DISMISS (ECF No. 15); AND (3) SETTING LIMITED PERIOD OF DISCOVERY**

In this action, *pro se* Plaintiff Elreta Dodds, proceeding on behalf of her mother's estate, seeks review of a final decision of Defendant Secretary of the Department of Health and Human Services denying her mother's request for Medicare pre-approval of inpatient rehabilitation care. (*See* Compl., ECF No. 1.) On September 15, 2026, the Secretary moved to dismiss Dodds' Complaint. (*See* Mot., ECF No. 15.) In that motion, the Secretary argued that Dodds filed this action one day after the applicable statute of limitations expired. (*See id.*) That statute of limitations is found in 42 U.S.C. § 405(g), which provides as follows:

> Any individual, after any final decision of the [Secretary] made after a hearing to which he was a party…may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [Secretary] may allow.

42 U.S.C. § 405(g). *See also* 42 U.S.C. § 1395w-22(g)(5).

A final decision by the Secretary is "presumed" to be delivered – and thus the sixty-day clock on the statute of limitations begins to run – "5 calendar days after the date of the notice, unless there is a reasonable showing to the contrary." 42 C.F.R. § 405.1136(c)(2). *See also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (recognizing and explaining the "five-day 'grace period' before the 60 days beg[ins] to run").

On August 14, 2026, the assigned Magistrate Judge issued a report and recommendation in which she agreed with the Secretary that Dodds filed her Complaint one day late (the "R&R"). (*See* R&R, ECF No. 23.) The Magistrate Judge further concluded that there were no grounds to excuse Dodds' late filing or to equitably toll the statute of limitations. (*See id.*) The Magistrate Judge therefore recommended that the Court grant the Secretary's motion and dismiss Dodds' Complaint. (*See id.*)

Dodds filed objections to the R&R on September 3, 2026. (*See* Objs., ECF No. 24.) She attached to those objections new evidence that she did not present to the Magistrate Judge. Ordinarily the Court would not consider that evidence.

However, the Court has discretion to do so. *See Williams v. McNeil,* 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that district court has discretion to consider arguments and evidence presented for the first time in an objection to a report and recommendation); *Jasty v. Wright Med. Tech., Inc.,* 528 F.3d 28, 33 (1st Cir. 2008) ("Under 28 U.S.C. § 636(b), a district court reviewing a magistrate judge's report and recommendation has discretion whether to receive further evidence."); *Bodman v. Dennis*, 2013 WL 2458383, at * 2 (W.D. Mich. 2013) (same and collecting cases). And given the potential closeness of the question here, the Court concludes that it is appropriate to exercise that discretion and consider Dodds' evidence that she presented for the first time in her objections. The most significant new evidence consists of press reports showing that there may well have been significant delays with mail delivery in Dodds' area during the five-day grace period. (*See* Objs., ECF No. 24, PageID.246-247.) Dodds has also attached press reports confirming that there was a significant snowfall during that period that could have slowed mail delivery in her area. (*See id.*) That evidence, which the Magistrate Judge did not have the benefit of reviewing, persuades the Court that the question of whether Dodds can make a "reasonable showing" that she did not receive the Secretary's final decision until after the five-day grace period is best resolved here on a motion for summary judgment. The Court will therefore allow for a short period of discovery limited to the statute of limitations issue. Defendant may thereafter file

a summary judgment motion on his limitations defense, and the Court will at that point decide that defense with the benefit of a developed factual record.

Accordingly, the Court orders as follows:

- Defendant's motion to dismiss (ECF No. 15) is **DENIED**;
- The parties shall conduct an initial period of limited discovery for 90 days. That discovery shall be strictly confined to the matters related to Defendant's limitations defense.
- At the conclusion of the 90-day discovery period, the Secretary may file a motion for summary judgment on his statute of limitations defense.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 22, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126